## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| **THE GETCHELL AGENCY**, | ) | Chapter 11 |
| | ) | Case No. 16-10172 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **NATHANIEL R. HULL, Chapter 11 Trustee** | ) | |
| **for THE GETCHELL AGENCY**, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | Case No. 18-_____ |
| v. | ) | |
| | ) | |
| **MAINE RSA #1, INC. d/b/a U.S.** | ) | |
| **CELLULAR**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### COMPLAINT AGAINST MAINE RSA #1, INC. d/b/a U.S. CELLULAR

**NOW COMES** Nathaniel R. Hull, solely in his capacity as the duly-appointed Chapter 11 trustee (hereinafter, "**Plaintiff**" or "**Trustee**") for the bankruptcy estate of The Getchell Agency (hereinafter, "**TGA**" or the "**Debtor**"), through undersigned counsel, and hereby complains against Defendant Maine RSA #1, Inc. d/b/a U.S. Cellular (hereinafter, the "**Defendant**") as follows:

### Nature of the Complaint

This action seeks the return of $10,266.10 of certain preferential transfers made within ninety (90) days of the Petition Date (as defined below) by the Debtor to the Defendant. The Complaint seeks to recover these preferential transfers plus the costs of this suit, including attorneys' fees.

## I.  Jurisdiction and Venue

1.      This Court has jurisdiction under 28 U.S.C. §§ 157(a) & 1334(b), 11 U.S.C.

§§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rule 83.6(a) of the United States District Court for

the District of Maine.

2.      The causes of action stated in this Complaint are core proceedings pursuant to 28

U.S.C. § 157(b)(2).  The statutory predicates for relief include, but not are limited to, sections 105,

502, 541, 547, 550, 551, and 1106 of the Bankruptcy Code.

3.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 & 1409.

4.      This Court possesses the requisite Constitutional authority to enter final judgments

on the relief requested herein.

## II.  Parties

5.      Plaintiff is the duly-appointed, qualified and acting Chapter 11 Trustee of the

above-referenced bankruptcy estate, with full power, authority, and standing to bring all causes of

action set forth in this Complaint.

6.      TGA is a Maine corporation, which prior to the sale of substantially all of its assets

pursuant to an order entered by this Court (the "**Sale**"), operated from a principal place of business

located in Bangor, Maine.

7.      Upon information and belief, Defendant is a Maine corporation in the wireless

telecommunications business, having a clerk/registered agent located at 45 Memorial Circle,

Augusta, Maine.

### III.  <u>Factual Background</u>

8.     Prior to the Sale, the Debtor was a Residential Section 21 Funded Care Agency licensed by the State of Maine pursuant to Title 22, Chapter 7801(A) of the Maine Revised Statutes.

9.     From 2005 to the date of the Trustee's appointment on November 29, 2017, Rena J. Getchell served as the CEO, President and sole Director of the Debtor.

10.     Prior to the Sale, the Debtor's business was providing residential and support services for adult Mainers living with physical, emotional and cognitive disabilities in residential care facilities located on mobile, modular and group homes.

11.     At all relevant times, TGA provided residential and support services through two contracts (the "**Provider Agreements**") with the Maine Department of Health and Human Services ("**DHHS**").

12.     Accordingly, TGA's primary source of income was the payments received from DHHS pursuant to the Provider Agreements.

13.     On March 25, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Petition Date**").

14.     On November 21, 2017, the U.S. Trustee filed a motion to appoint a trustee pursuant to 11 U.S.C. § 1112(b)(1).  This Court granted the motion for appointment of a trustee on November 28, 2017.

15.     On November 28, 2017, the U.S. Trustee filed a motion to appoint Nathaniel R. Hull as Chapter 11 trustee.  On November 29, 2017, this Court granted that motion appointing Mr. Hull as Chapter 11 trustee.

A.   **The Debtor's Deteriorating Financial Condition and Insolvency**

16.     At all times relevant hereto, and at least back to 2013, by the Debtor's own admissions in myriad pleadings in this case, the Debtor's financial condition was continually deteriorating.  By way of example only, the Debtor repeatedly stated that "[p]rior to the Petition Date, the Agency experienced some financial difficulties, but most of them were manageable and were in fact being effectively managed. . . .  However, in 2013 certain former employees commenced a class action against the Debtor in the U.S. District Court for the District of Maine (the "Class Action"), which Class Action required the Debtor to devote considerable time and resources, and expend significant expense, to defend against claims . . . .  This obviously created an untenable financial conundrum for the Agency and Ms. Getchell, who, as stated above, were required to devote significant time, money and resources to defending the Class Action."

17.     In Affidavits filed by the Debtor's former CEO, she likewise confirmed that the "actions of DHHS seeking $1,036,307 [in recoupments], along with the class action lawsuit, based on which the class action creditors filed claims of over $23,500,000 in the bankruptcy cases . . . ., were the two major actions which drove [the Debtor] into bankruptcy."

18.     Debtor's financial distress only increased when, in December 2015, it was sued by Affiliate Funding, Inc. ("**AFI**") and AFI was granted an *ex parte* order for attachment and trustee process in the amount of $464,359.36.

19.     During 2015, the Debtor was failing to pay its debts as they came due, including its debts to AFI, as evidenced by AFI's lawsuit and attachment.

20.     Beginning in 2013 with the class action lawsuit seeking over $23.5 million in damages, and continuing in September 2015 with DHHS seeking reimbursement of $1,036,307.00,

and continuing further in December 2015 with the AFI lawsuit seeking $464,359.36 in damages for breach of contract, the Debtor's liabilities greatly exceeded its assets.

21.    Many of the pleadings described above reflect that the Debtor's debts (as defined in the Bankruptcy Code) significantly exceeded its assets on the Petition Date.  That condition persisted until the Trustee's appointment and continues as of the date of filing this Complaint.  For example, the Debtor's *Official Form 206Sum* described Petition Date real and personal property assets of $1,303,460.46 and liabilities of $3,438,080.81.

**B.    The Preferential Transfers to Defendant**

22.    According to the Debtor's Statement of Financial Affairs [Doc 144-2], on the Petition Date and/or during the ninety (90) day period prior to the Petition Date, between December 26, 2015 and March 25, 2016 (the "**Preference Period**"), the Debtor transferred property to the Defendant in the amount of **$10,266.10** (collectively, the "**Transfers**" and each individually a "**Transfer**").

23.    According to the Debtor's books and records, each Transfer was made on the following dates and in the following amounts:

| 01/12/16 | $5,107.51 |
|---|---|
| 01/28/16 | $5,158.59 |
| **Total:** | **$10,266.10** |

24.    The Defendant has failed to repay the Transfers in whole.

**COUNT I – AVOIDANCE OF PREFERENTIAL TRANSFERS**
**(11 U.S.C. § 547)**

25.    The Trustee incorporates by reference the allegations set forth in Paragraphs 1 through 24 of this Complaint as if fully stated herein.

26.    During the Preference Period, the Defendant received payments totaling at least **$10,266.10** from the Debtor, which constitutes a transfer of the Debtor's interest in property.

27.     During the Preference Period, the Defendant was a creditor of the Debtor because the Defendant supplied the Debtor with goods or services and the Debtor was obligated to pay the Defendant for those goods or services.  Therefore, the Transfers, in whole or in part, were made to or for the benefit of a creditor (*i.e.*, the Defendant) of the Debtor.

28.     Each Transfer was made for or on account of an antecedent debt or debts owed by the Debtor to the Defendant before such Transfer was made.  Therefore, each Transfer was in satisfaction of a "claim" (as that term is defined in the Bankruptcy Code) of the Defendant against the Debtor prior to being paid by the Debtor on account of this antecedent debt (*i.e.*, liability on the claim).

29.     Each Transfer was made by the Debtor during the Preference Period.

30.     The Transfers, in whole or in part, were made while the Debtor was insolvent.

31.     The Transfers, in whole or in part, enabled Defendant to receive more than it would have received if (a) the Debtor's case were one under Chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) such creditor received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

32.     The Transfers are avoidable by the Trustee as preferences, their value is automatically preserved for the benefit of the Debtor's estate, and the Trustee may recover the property transferred or the value of such property.

**WHEREFORE**, the Trustee respectfully requests this Court enter a judgment: (i) that the Trustee may avoid the Transfers; and (ii) granting such other and further relief as the Court deems just and equitable.

## COUNT II – RECOVERY OF PREFERENTIAL TRANSFERS
### (11 U.S.C. § 550)

33.     The Trustee incorporates by reference the allegations set forth in Paragraphs 1 through 32 of this Complaint, as if fully stated herein.

34.     Pursuant to 11 U.S.C. § 550, the Trustee is entitled to recover the Transfers from Defendant to the extent they are avoidable pursuant to 11 U.S.C. § 547(b).

35.     Defendant is both the initial transferee and/or the entity for whose benefit the Transfers were made because the Debtor made the Transfers directly to the Defendant.

**WHEREFORE**, the Trustee respectfully requests this Court enter a judgment (i) for the value of the Transfers against Defendant pursuant to 11 U.S.C. § 550(a)(1); (ii) assisting the Trustee in collection efforts by issuing a writ of execution against Defendant for the aggregate amount of the Transfers plus interest accruing since the date of each Transfer; and (iii) granting such other and further relief as the Court deems just and equitable.

## COUNT III—DISALLOWANCE OF CLAIMS
### (11 U.S.C. §§ 502(d) and 550)

36.     The Trustee incorporates by reference the allegations set forth in Paragraphs 1 through 35 of this Complaint as if fully stated herein.

37.     Section 502(d) of the Bankruptcy Code provides that unless an entity or transferee receiving a payment that is avoidable under section 547 of the Bankruptcy Code has paid the amount for which such entity or transferee is liable under section 550 of the Bankruptcy Code, any claim of such entity or transferee shall be disallowed.

38.     The Defendant has not paid or surrendered the Transfers to the Trustee.  Therefore, any claim(s) which Defendant has filed or was scheduled in this case must be disallowed.

**WHEREFORE**, the Trustee respectfully requests this Court enter a judgment (i) disallowing any and all claims Defendant has against the Debtor's estate; and (ii) granting such other and further relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests that:

A.      The Court grant judgment on Counts I and/or II and/or III as provided above;

B.      The Court enter an order in a sum certain, together with interest as provided by law, including post-judgment interest at the legal rate;

C.      The Court award the Trustee the costs of suit herein, including attorneys' fees; and

D.      The Court order such further legal, equitable, or declaratory relief as the Court deems just and equitable.

Dated at Portland, Maine this 20th day of November, 2018.

NATHANIEL R. HULL, Chapter 11 Trustee

By his attorneys,

/s/ *Stephen B. Segal*
John P. Giffune, Esq.
Stephen B. Segal, Esq.
VERRILL DANA LLP
One Portland Square
Portland, ME 04112-0586
Tel: (207) 774-4000
jgiffune@verrilldana.com
ssegal@verrilldana.com
bankr@verrilldana.com

12295447_1